Judge Robertson
delivered the opinion of the Court.
This was ah action of assumpsit, on the promise of Richards, that in consideration of an agreement by Henderson, to dismiss a suit, then pending in his favor, against Richards and wife, fora debt due by the wife before marriage, Richards would pay him $50, execute his note for an additional sum, and re-deliver to him sundry bonnets, which it seems the wife had received from him (Henderson). The note was executed and the $50 paid, when the assumpsit was-made. But the bonnets were not delivered, and for this failure this suit was brought.
It is very evident, from all the facts, that the promise to dismiss the suit, and that to deliver the bonnets, were independent. The dismission of the suit was not a condition precedent to the delivery of the bonnets. The latter were to be delivered instanter. íhe promise to dismiss, and not the actual dismission, was the consideration. If Henderson had failed to dismiss *491 bis suit, and attempted to prosecute it in violation of the agreement, Richards, by performing, on his part, bad a clear and full remedy, it was not, necessary to aver or prove that the suit was dismissed be-ore the writ, in this case, issued.
PpHtion for a re-hearing,
Triplett, for plaintiff; Monroe, for defendant.
Nor was a demand of the bonnets necessary. But if it were, the proof that Richards said he had determined not to deliver them, rendered it unnecessary to prove any demand.
None of the counts in the declaration are exactly correspondent with the evidence. But when all the facts are weighed, the promise set out in the declaration and that proved, can be so far identified as to leave no doubt that a judgment on one would be ail effectual bar to a suit on the other. The apparent difference, therefore, between the “allegata el probata,” as to the bonnets, is not material. The court, therefore, erred in instructing the jury as in case of a nonsuit.
Wherefore, the judgment is reversed, the verdict set aside, and the cause remanded for a new trial.